David Michael **KORDELSKI**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17486.

Court of Criminal Appeals of Oklahoma.

Feb. 21, 1973.

Mac Oyler, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Charles F. Alden, III, Legal Intern., for appellee.

BUSSEY, Judge.

David Michael Kordelski, hereinafter referred to as defendant, was tried by a jury in the District Court of Oklahoma County on November 10, 1971, for the crime of Uttering a Forged Instrument, After Former Conviction of a Felony. The jury returned a verdict of guilty to the crime of Uttering a Forged Instrument, and assessed the punishment at one (1) year imprisonment.

Defendant filed application for presentence investigation and suspended sentence on November 18, 1971, with the trial court granting the application for presentence investigation. The court, thereafter, over-

ruled defendant's application for suspended sentence, and judgment and sentence was then imposed according to the verdict of the jury on November 29, 1971, with defendant to serve a term of one (1) year in the Oklahoma State Penitentiary. From this judgment and sentence a timely appeal has been perfected to this Court. Defendant is appealing from the trial court's denial of suspended sentence.

The pertinent part of the trial proceedings appears in the record as follows:

"MR. OYLER: If it please the Court, the defendant has filed an application for pre-sentence report, as well as an application for suspended sentence. With the Court's approval, first, we would like to request the application for the pre-sentence report.

THE COURT: All right. How long will it take for them to do that?

MR. OYLER: Ordinarily, it takes thirty days. I have missed Mr. Coy Sharpe. If I might explain to the Court. Mr. Kordelski was on a suspended sentence previously. His probation officer was Mr. Coy Sharpe, and I have not been able to get with him. We missed each other, but I think they can shorten it considerably since Mr. Kordelski is an ex-probationer and Mr. Sharpe is quite familiar with his activities over the last three or three and a half years, as his probation officer. Mr. Sharpe told me that he would try to be here at 1:30, that he might be a little late. I believe they will get it out in short order due to him being a prior probationer." [Tr. 2 & 3]

And further, at page 4 of the Transcript, the following appears:

"MR. OYLER: At this time the defendant would like to respectfully urge that any sentence imposed by the Court be suspended under the provisions of 22 O. S. 991A.

Of course, I'm sure the Court is well familiar with the American Bar Association's project on Standards for Criminal Justice relating to probation.

Our · Court of Criminal Appeals has adopted the same in the case of Hamilton versus State, and in this regard, Your Honor, we would respectfully urge that the court suspend any sentence imposed by the jury, or in the alternative, that the court consider sentencing the defendant under the 1971 Oklahoma Statutes to a period of imprisonment not to exceed ninety days with the balance of that suspended.

In that regard, the defendant is a family man and has a wife and two children, which I am well aware has been gone into. As well as the recommendation in the presentence investigation."

The provisions of 22 O.S.1971, § 991a, are as follows:

"Whenever a person is convicted of a crime and no death sentence is imposed, the court shall either:

(1) Suspend the execution of sentence in whole or in part, with or without probation, or

(2) Impose a fine prescribed by law for the offense, with or without probation or commitment, or

(3) Commit such person for confinement provided for by law. Subsection (1) hereof shall not apply to persons being sentenced upon their third or subsequent to their third conviction of a felony. Probation, as used in this section, is a procedure under which a defendant, found guilty of a crime, is released by the court subject to conditions imposed by the court and subject to the supervision of the Division of Probation and Parole of the Department of Corrections. Such supervision shall be initiated upon an order of probation from the court, and such supervision shall not exceed five (5) years."

 In the instant case the trial court had before it the presentence report, together with the knowledge that the defendant had previously been placed on probation. Even the most cursory examination of the statute, then in force, reveals that it was within the sound discretion of the trial court to grant or deny a suspended sentence.

From the evidence here presented, we are of the opinion that the trial court did not abuse its discretion. We are further of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., and BRETT, J., concur.