Harold Leroy HALL, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–75–735.

Court of Criminal Appeals of Oklahoma.
April 6, 1976.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Appellant, Harold Leroy Hall, Jr., hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–1265, for the offense of Second Degree Burglary, After Former Conviction of Felony, in violation of 21 O.S.1971, § 1435. The jury fixed his punishment at twenty (20) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Officer Robert McFadzen, of the Nicoma Park Police Department, first testified at the trial that while on routine patrol at about midnight on April 9, 1975, he discovered a white 1964 Chevrolet parked at the rear of the junior high school, and noticed the garage door of the industrial arts shop open about a foot. With the aid of a flash light, he could see an assortment of electrical hand tools inside the vehicle, including a drill, sander and saber saw, with Nicoma Park Junior High or N.P.J.H.

stenciled on some of the tools. He then radioed for assistance and proceeded to the front of the building when other officers arrived.

Sergeant Jim Roberson, of the Nicoma Park Police Department, next testified that about midnight on April 9, 1975, he proceeded to the Nicoma Park Junior High School in response to a call by Officer McFadzen for assistance. Inside the shop building he observed water spots upon the floor, and when he returned outside defendant was observed coming around the corner of the building "soaking wet" and "hunkered over." (Tr. 26) After twice advising the defendant to straighten up and place his hands over his head, the witness fired one shot from his service revolver into the ground beside defendant when defendant failed to comply with the warning and continued to approach. The witness detected that defendant had been drinking and advised him of his rights after placing him under arrest for public intoxication. The witness then proceeded around the corner of building and noticed that the screen had been removed from a window beneath which there was a large pool of water. After defendant had been placed in a patrol car, the witness again advised defendant of his rights, and defendant acknowledged that he understood his rights but desired to make a statement. Defendant then stated that he had broken into the school and that the white 1964 Chevrolet belonged to him. The vehicle was then impounded and inventoried incident thereto. The tools discovered therein were subsequently released to the principal of the junior high school.

Michael L. Cline, Assistant Chief of Police for the Spencer Police Department, then testified that he responded to a call for assistance at the Nicoma Park Junior High School shortly after midnight on April 9, 1975. State Exhibits Nos. 1 through 8 were identified as pictures of power tools and equipment observed upon the floorboard and discovered in the trunk

of the 1963 or 1964 white Chevrolet located at the rear of the school. State Exhibits Nos. 9 through 11 were admitted after being identified as pictures of trails of fresh water upon the floor of the shop building.

Officer Jim Striplin, of the Choctaw Police Department, next testified that he also responded to the call for assistance at the Nicoma Park Junior High School shortly after midnight on April 9, 1975. This witness essentially corroborated the prior testimony of Officer Roberson regarding defendant admitting to having broke into the school after being advised of his rights. Immediately thereafter defendant kicked Officer Roberson in the stomach and as result thereof was placed in leg chains.

The final witness for the state was Bob Ong, Principal of the Nicoma Park Junior High School, who testified that on April 9, 1975, he determined that the latch was bent on the garage door to the shop building, and observed tools and equipment weighing as much as 100 pounds inside the passenger compartment and trunk of a white vehicle upon the school premises. The tools and equipment depicted in State Exhibits Nos. 1 through 6 and 8 were determined to have been taken from the school and admitted into evidence.

The State then rested insofar as the principal charge is concerned, and defendant presented no evidence in his behalf. The supplemental information alleged prior convictions for Grand Larceny and Second Degree Burglary, and the necessity of introducing proof in support thereof was dispensed with by stipulation in the second stage of the bifurcated trial proceedings.

The first assignment of error raises the issue of the sufficiency of the evidence to support the verdict. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp

**652**

conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and determine the facts. See, *Jones v. State,* Okl.Cr., 468 P. 2d 805 (1970).

 The final assignment of error presents the question of whether the sentence is excessive. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each particular case, and the Court of Criminal Appeals does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of this Court. See, *LaRue v. State,* Okl.Cr., 404 P.2d 73 (1965).

 In passing, we observe that at judgment and sentencing on June 5, 1975, the trial court refused to order a presentence investigation report as was ostensibly required prior to imposition of a sentence committing a felon to incarceration by the Department of Corrections under 57 O.S. Supp.1974, § 519 (now see, 22 O.S.Supp. 1975, § 982, effective June 17, 1975). However, in the present case such a report would have served no purpose and was unnecessary for the reason that punishment was assessed by the jury and trial court was without authority to defer or suspend the sentence under 22 O.S.1971, §§ 991a and 991c, as the evidence before the trial court established that defendant had two prior felony convictions. The obvious purpose of the Legislature in adopting the aforementioned statute was to expose the trial court to more complete information prior to the imposition of sentence, and thereby enable the trial court to more intelligently exercise its discretion in selecting from available alternatives upon sentencing. The trial court here had no alternative but to sentence defendant to imprisonment in accordance with the verdict of the jury, and the statute otherwise requiring a

presentence investigation report was therefore without applicability.

For the above and foregoing reasons, the judgment and sentence appealed from is, accordingly, *AFFIRMED.*

BRETT, P. J., and BLISS, J., concur.