Billy J. WEBB, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–732.

Court of Criminal Appeals of Oklahoma.

Oct. 9, 1980.

Rehearing Denied Nov. 7, 1980.

---

Burke Mordy, Mordy, Clark & Hester, Ardmore, for appellant.

Jan Eric Cartwright, Atty. Gen., Duane N. Rasmussen, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

The essential facts of this case are that one Tasso Brown, in cooperation with two Oklahoma State Bureau of Narcotics agents, on November 29, 1978, telephoned the defendant and arranged with him to purchase nine Preludin tablets or capsules. The conversation was monitored and taped by the agents, with Brown's permission. Brown was then subjected to a search of his person and automobile and given $63.00 in marked bills. Thereafter, pursuant to the agreement reached over the telephone with the defendant, he drove to the Wal-Mart parking lot in Ardmore, Oklahoma, where he parked, followed by the OSBN agents. Three or four minutes later, the defendant drove up to Brown's car, and the agents saw the defendant reach out and hand something to Brown. They then moved in and made the arrest, finding nine Preludins in the console of Brown's car and the marked $63.00 on the defendant's person. The defendant was charged and convicted of Unlawful Delivery of a Controlled Drug, and sentenced to eight (8) years' imprisonment, as well as being assessed a fine of Five Thousand ($5,000.00) Dollars.

The defendant's sole assignment of error is that the State's evidence was inconsistent and contradictory and that certain evidence was withheld from the jury. He bases this conclusion on: (1) the fact that at the preliminary hearing the State's witness, Tasso Brown, testified that in his telephone conversation with the defendant to arrange the sale he had asked for Preludins, whereas the transcript of the taped conversation revealed he had asked for "a few of them things"; (2) that the testimony of the two narcotics agents as to the route taken by Brown on his way to make the "buy" differed from Brown's description of the route taken; (3) that there was conflicting testimony as to whether the drug delivered was in "pill" or "capsule" form, and how the drugs were wrapped; (4) that State's witness Major testified that Brown, in the previously described telephone conversation with the defendants, had inquired as to the price of the drugs and was told the price would be $63.00, whereas the transcript of the tape showed that no mention was made of the price; and, (5) that the marked money allegedly used to make the buy was not introduced into evidence.

■ While admittedly there were inconsistencies in the testimony presented by the prosecution, it is the law of this state that once the prosecution has established a prima facie case it is the jury's province, as triers of fact, to resolve conflicts and inconsistencies in testimony. *Smith v. State*, Okl.Cr., 594 P.2d 784 (1979); *Harris v. State*, Okl.Cr., 591 P.2d 1266 (1979). Here, the elements necessary to comprise a prima facie case were presented; evidence was set forth that the defendant made a delivery of controlled drugs, popularly known as Preludin, to State's witness Tasso Brown on November 29, 1978, in Carter County, Oklahoma. This much being established, it was for the jury to weigh the evidence presented to determine the guilt of the defendant.

Despite the inconsistencies pointed out by the defense, the jury in the present case adjudged the defendant guilty beyond a reasonable doubt. Its findings were supported by substantial evidence—indeed the essential elements of the crime were uncontroverted—and will not be overturned on appeal.

■ The defendant also raises the issue of excessiveness of the punishment recommended by the jury. In *Dodson v. State*, Okl.Cr., 562 P.2d 916, 923 (1977), this Court stated that "the question of excessiveness of punishment is determined by a study of

all the facts and circumstances surrounding each individual case, and ... this Court does not have the power to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the Court."

The defense points to no prosecutorial misconduct tending to arouse or inflame the passions of the jury in making its sentencing recommendation, nor do we find any indication in the record of such misconduct. The penalty assessed is within the range prescribed by the Legislature for conviction of the crime of which the defendant was charged, and the evidence of his guilt is overwhelming. Without more, we cannot say that the punishment is so excessive as to shock the conscience of this Court.

The judgment and sentence is, accordingly, *AFFIRMED.*

CORNISH, P. J., and BRETT, J., concur.