Gene HOWELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–240.

Court of Criminal Appeals of Oklahoma.

July 21, 1981.

Kenneth W. Lackey, Lackey & Wendel, Eufaula, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Mary Bryce Leader, Legal Intern, for appellee.

## ORDER WITHDRAWING OPINION AND ISSUING NEW OPINION

WHEREAS, on March 9, 1981, this Court filed an opinion in the above styled and numbered cause, and on March 16, 1981, a Petition for Rehearing was duly filed;

NOW, THEREFORE, after considering the Petition for Rehearing, this Court finds that the decision rendered herein on March 9, 1981, should be withdrawn, and the attached opinion issued in lieu thereof.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 21st day of July, 1981.

TOM BRETT, P. J.

HEZ J. BUSSEY, J.

## OPINION

BRETT, Presiding Judge:

The appellant, Gene Howell, was convicted of Larceny of Domestic Animals, 21 O.S. 1971, § 1716, in the District Court of Okfuskee County, Case No. CRF–78–4. On appeal he challenges the correctness of the verdict, complains of the prosecutors' conduct and alleges the commission of several procedural errors.

The following facts are undisputed. On January 15, 1978, the victim, Omer Henry, went to his pasture and fed fifteen (15) of his Hereford cattle. When he returned two days later the cattle were gone. A few days after that, when the snow had melted, Mr. Henry, his brother and the sheriff found cattle and horse tracks leading to a corral in an adjoining pasture. That pasture was rented by the appellant.

Some of the cattle were found two weeks later in Arkansas, and they were traced back to a commission company in the Tulsa stockyards. The appellant had delivered the cattle to the stockyards in the afternoon and evening of January 15, and had sold the cattle in his own name.

The appellant admitted having sold the cattle but denied having moved them from Mr. Henry's pasture to the corral. He claimed instead that when he went to the location to hunt, a black man was there with the cattle. The appellant said that he bought the cattle with cash without asking for a receipt from the man, whom he had not seen before or since the transaction.

In his first assignment of error, the appellant argues that the trial court should have granted him a continuance when he

changed attorneys. In his brief, he alleges that it was through no fault of his own that his first counsel withdrew, but the trial transcript indicates that he terminated his first counsel after a dispute. The need for a continuance depends entirely upon the particular facts of a case, and for that reason a motion for a continuance is addressed to the trial court's discretion. *Riddle v. State*, 374 P.2d 634 (Okl.Cr.1962); *Bowman v. State*, 585 P.2d 1373 (Okl.Cr. 1978), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1243, 59 L.Ed.2d 471 (1979). The facts of the present case do not indicate that the trial court abused its discretion by denying the motion.

■ The second assignment of error is that the trial court should have stayed the proceedings when it was discovered that prospective jurors who had not been excused failed to appear. (The record reveals that there was only one such unexcused absence.) An unexcused absence is not one of the statutory grounds for challenge to a jury panel. Title 22 O.S.1971, § 633. In *Beatty v. State*, 5 Okl.Cr. 105, 113 P. 237 (1911), this Court held it proper for a trial court to interrupt the voir dire proceedings and send for an absent juror; but in no case has it been held error for a trial court to refuse to do so and to proceed with the jurors who are present. Since the appellant has neither shown nor alleged prejudice as a result of the absence of the prospective juror, this assignment is also without merit.

■ Third, the appellant contends that the jury's verdict was contrary to both the law and the evidence. In his argument, he stresses that he made no effort to conceal his actions and that all the evidence presented is consistent with the explanation he gave. This is a question of fact which was decided by the jury. Contrary to the appellant's assertions, the evidence presented by the State fully supports the verdict returned by the jury. Furthermore, the court's instructions fully covered all pertinent aspects of the law.

■ Next the appellant complains of the prosecutors' closing arguments. It is true that much of the argument in this case is unacceptable. The prosecutors injected their personal opinions, commented on the crime rate, and told the jury that this case had been solved at their expense as taxpayers. None of this argument was proper. However, in considering the evidence presented in this case, we are forced to conclude that there is no reasonable possibility that the improper argument contributed to the verdict. Were the case tried again, the verdict would, without a reasonable doubt, be the same. The relative mildness of the sentence contradicts any claim that the jury was influenced by the arguments in setting the sentence. Therefore, under *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972), we hold the error harmless.

■ The fifth assignment of error is that the trial court imposed a conditional sentence. The jury's sentence in the present case was an indeterminate one of three to five years; and that was an acceptable sentence under 57 O.S.1971, § 353. *Suits v. State*, 507 P.2d 1261 (Okl.Cr.1973). In accordance with 22 O.S.1971, § 926, the trial court should have imposed a sentence in keeping with the verdict of the jury. But the trial court imposed a sentence of three years, if restitution was made, or five years, if restitution was not made. This was not a valid sentence. The district court may suspend a sentence in whole or in part, 22 O.S.Supp.1980, § 991a, and may make restitution a condition of the suspension, but a judge may not impose a sentence different from that set by the jury. Although the error does not make the conviction void, the case must be remanded to the district court for resentencing in accordance with the jury's verdict.

■■ Finally, the defendant complains of the trial court's refusal to grant a suspended sentence. Whether or not to make such a grant is discretionary with the trial court—*Kordelski v. State*, 506 P.2d 1403 (Okl.Cr.1973)—and we find nothing in the record which would indicate an abuse of discretion in this case. Compare *Hamilton v. State*, 481 P.2d 471 (Okl.Cr.1971). The appellant is reminded, however, of 22 O.S. 1971, § 994, which gives him an opportunity

to seek reconsideration of suspension after the appeal has been taken.

In accordance with the above discussion, the judgment of guilt is affirmed and the case is remanded to the district court for sentencing in accordance with the verdict of the jury.

BUSSEY and CORNISH, JJ., concur.