Jerry K. SWANSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–85–783.

Court of Criminal Appeals of Oklahoma.

June 10, 1987.

Eddie Y. Newcombe, Lawton, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Jerry K. Swanson, was tried by jury and convicted of Driving While Under the Influence of Intoxicating Liquor, Second Offense, in violation of 47 O.S.Supp.1983, § 11–902; in Jackson County District Court, Case No. CRF–84–196, before the Honorable Paul C. Braun, District Judge. The jury recommended punishment at eighteen (18) months in the county jail and a fine of $500.00. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm as hereinafter modified.

Briefly stated, on September 8, 1984, appellant was involved in a car accident upon leaving "Sano's Nightclub" when he attempted to back up across two lanes of traffic and hit another car. Officer Gary Rollins of the Altus Police Department investigated the accident. Officer Rollins formed an opinion that the appellant was intoxicated based on his observation of the appellant's slurred speech, odor of alcohol, and unsteady coordination. Another officer, Xavier Valdez, observed the same characteristics and conducted a field sobriety test which the appellant failed. A breathalyzer test revealed that appellant had a reading of .18%. The State presented testimony that the breathalyzer machine had been properly maintained.

In his sole assignment of error, appellant complains that his conviction should either be reversed or modified due to an evidentiary harpoon, admission of improper other crime evidence, and an improper prosecutorial comment. Appellant's failure to object to the alleged evidentiary harpoon waived such issue for review on appeal. *See Odum v. State*, 651 P.2d 703, 705 (Okl.Cr.1982). In addition, the objectionable evidence was elicited by appellant's own attorney on cross-examination and was directly responsive to the question posed. We fail to see how appellant was prejudiced, as we are not convinced that the six (6) requirements of an evidentiary harpoon were demonstrated in the instant case. *See Mayhan v. State*, 696 P.2d 1044, 1045 (Okl.Cr.1985); *Bruner v. State*, 612 P.2d 1375, 1379 (Okl.Cr.1980).

With regard to the allegedly improper admission of other crime evidence when Officer Rollins testified that appellant was driving with a letter from the Department of Public Safety because of "a former DUI conviction," we agree that the trial court erred in overruling defense counsel's objection. In light of the strong evidence of guilt, we cannot say the improper evidence influenced the verdict. Insofar as appellant objected to the improper evidence, and the trial court failed to admonish the jury to disregard it and did not issue a limiting instruction, we believe the appropriate remedy is to modify the appellant's sentence to the minimum of one (1) year imprisonment. *See* 47 O.S.Supp.1983, § 11–902.

Lastly, the isolated allegedly improper comment of the prosecutor was not objected to. Thus, in the absence of fundamental error, this issue was likewise not properly preserved. *See McLeod v. State*, 725 P.2d 877, 881 (Okl.Cr.1986). The comment of the prosecutor during the punishment phase, to the effect that "we have a problem, and we need to try to solve it," when taken in context, clearly does not rise to the level of fundamental error.

Accordingly, the judgment and sentence is AFFIRMED as MODIFIED.

BRETT, P.J., and BUSSEY, J., concur.