**Vaughn Roy JONES, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–84–300.**

Court of Criminal Appeals of Oklahoma.

Aug. 31, 1987.

Eugenia T. Baumann, Asst. Public Defender, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., and Robert E. Kall, Legal Intern, Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Vaughn Roy Jones, appellant, was tried by jury for the crime of Robbery With Firearm After Former Conviction of a Felony in violation of 21 O.S.Supp. 1982, § 801 in Case No. CRF–83–3466 in the District Court of Oklahoma County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at fifty (50) years' imprisonment. The trial court sentenced appellant in accordance with the jury's verdict. From this judgment and sentence, appellant appeals to this Court.

During the evening of July 10, 1983, Mr. and Mrs. Charles Hatcher were in the process of leaving Graffiti's, a popular night club in Oklahoma City. While attempting to enter their car, Mrs. Hatcher was approached by a man. The man pushed a gun into her stomach and ordered her to turnover her purse, or he would "blow her head off." Mrs. Hatcher handed the man her purse. The man then fled south along an access road, which runs parallel to Broadway Extension.

After the man had left, Mr. and Mrs. Hatcher ran back into Graffiti's and called the police. Oklahoma City Police Officer Jim Hardin was the first officer to arrive. Approximately five minutes later, Oklahoma City Police Officer John Mangrum arrived. Officer Mangrum took a description of the man from Mr. and Mrs. Hatcher and then left in an effort to find the assailant.

While searching near the intersection of Britton Road and the Broadway Extension, Officer Mangrum observed a man who fit the description given to him by the Hatchers. Officer Mangrum pulled over and asked the man to approach the patrol car. The man complied, and Officer Mangrum proceeded to do a pat down search. During this search, Officer Mangrum found the man to be carrying a small caliber automatic pistol in the front of his jacket. At this time, Officer Mangrum placed the man under arrest.

The following day, Detective Jody Perkins of the Oklahoma City Police Department conducted a follow-up interview during his investigation of the robbery. Detective Perkins interviewed the man alone in an interview room with no recording devices. Detective Perkins advised the man of his *Miranda* rights. Afterwards, the man indicated that he understood his rights and was still willing to talk about the incident. The man admitted that he had robbed a lady, because he needed money for gas. He further stated that he had not meant to harm anyone.

At trial, both Mr. and Mrs. Hatcher identified appellant as the man who had taken Mrs. Hatcher's purse at gunpoint. However, while testifying, appellant stated that he had confessed to Detective Perkins about the robbery, only because he believed Detective Perkins would help him out. Appellant denied robbing Mrs. Hatcher. Rather, it was his testimony that he had asked a lady for some gas money and she voluntarily handed him her purse.

▪ Under his first assignment of error, appellant asserts that the trial court erred in failing to suppress his confession. Specifically, appellant claims that the State failed to prove a knowing and intelligent waiver of his right to remain silent. However, the record reveals that appellant never objected to the admissibility of the confession, either at the in camera hearing or during the trial itself. Failure to interpose a Motion to Suppress with a timely objection constitutes a waiver and preserves nothing for review on appeal. See, *Davis v. State*, 594 P.2d 1229 (Okl.Cr.1979).

▪ Appellant asserts in his second assignment of error that insufficient evidence was presented at trial to support his conviction of Robbery With Firearms. As this Court stated in *Speuhler v. State*, 709 P.2d 202 (Okl.Cr.1985), when reviewing the sufficiency of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Accordingly, viewing the evidence in the light most favorable to the prosecution, we conclude that there was sufficient evidence from which any rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt.

▪ Finally, appellant asserts that his sentence of fifty years was excessive. Initially, we note that the penalty imposed was well within the range for the offense of Robbery With Firearms, After Former Conviction of a Felony. It is well established that this Court lacks the power to modify a sentence unless the sentence is so excessive as to shock the conscience of the

Court. See, *Lee v. State*, 560 P.2d 226 (Okl.Cr.1977). We find that appellant's sentence is not excessive.

For the foregoing reasons, the judgment and sentence is AFFIRMED.

BUSSEY and PARKS, JJ., concur.