METOYER v. STATE
2022 OK CR 27
Case Number: F-2020-431
Decided: 10/20/2022
DEMARCO DANZELL METOYER, Appellant v. STATE OF OKLAHOMA, Appellee
Cite as: 2022 OK CR 27, __ __

 

 

SUMMARY OPINION

HUDSON, VICE PRESIDING JUDGE:

¶1 Appellant, Demarco Danzell Metoyer, was tried and convicted by a jury in the District Court of Tulsa County, Case No. CF-2016-5998, of two counts of First Degree Manslaughter, After Former Conviction of Two or More Felonies, in violation of 21 O.S.2011, § 711

¶2 The Honorable Sharon K. Holmes, District Judge, pronounced judgment and sentence in accordance with the jury's verdicts but imposed a $600.00 fine on each count as additional punishment. Judge Holmes ordered both sentences to run concurrently and imposed various costs and fees.

¶3 Metoyer now appeals and alleges eleven propositions of error. After thorough consideration of the entire record before us on appeal, including the original record, transcripts, exhibits and the parties' briefs, we find that no relief is required under the law and evidence except with respect to the fines imposed. Appellant's judgment and sentence is AFFIRMED except the $600.00 fine imposed for each count is STRICKEN.

¶4 We begin with Proposition IX, the sole ground in this appeal warranting an extended discussion and for which publication is warranted.

THE FINES IMPOSED BY THE TRIAL COURT
AS ADDITIONAL PUNISHMENT WERE UNAUTHORIZED
(Proposition IX)

¶5 In Proposition IX, Appellant challenges the trial court's imposition of a $600.00 fine as additional punishment on each count at formal sentencing. The record shows the jury was correctly instructed that it could impose on each count imprisonment for a term of twenty years to life and a fine not exceeding $10,000.00. The jury's sentencing verdicts, however, do not include a fine, only imprisonment. No objection was made to the trial court's imposition of a fine at formal sentencing. Our review is therefore limited to plain error. See Hubbard v. State, 2002 OK CR 845 P.3d 96

¶6 Appellant complains on appeal that the trial court had no authority to impose a fine as additional punishment in light of the jury's sentencing verdict. Appellant cites 22 O.S.2011, § 926.1

In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided.

¶7 In the present case, the jury assessed and declared Appellant's sentence at the conclusion of the bifurcated sentencing stage. No objection was made to the jury's sentencing verdict when it was returned. The jury was properly instructed on the range of punishment to include not only a term of imprisonment but also a fine. See 21 O.S.2011, § 51.121 O.S.2011, § 6421 O.S.2011, § 715

¶8 For over forty years, we have interpreted § 926.1 in the following way. So long as a jury's sentencing verdict is within statutory limits, and is otherwise legally proper, the trial judge has the authority to suspend a sentence in whole or part under 22 O.S.2021, § 991aHowell v. State, 1981 OK CR 82632 P.2d 1223E.g., Luker v. State, 1976 OK CR 135552 P.2d 715Fleming v. State, 1988 OK CR 163760 P.2d 208Luna v. State, 2016 OK CR 27387 P.3d 956overruled on other grounds, White v. State, 2021 OK CR 29499 P.3d 762See 22 O.S.2021, §§ 927.1

¶9 We have identified the right to jury sentencing contained within § 926.1 as being so fundamental that "[t]he defendant may not unilaterally waive the assessment of punishment by a jury which is able to agree." Case v. State, 1976 OK CR 250555 P.2d 619Id., 1976 OK CR 250See Love v. State, 2009 OK CR 20217 P.3d 116Case, 1976 OK CR 250Reddell v. State, 1975 OK CR 229543 P.2d 574

¶10 In Fite v. State, 1993 OK CR 58873 P.2d 293Fite, the jury imposed a $100,000 fine for the defendant's conviction of unlawful cultivation of marijuana. Id. at ¶ 1, 873 P.2d at 294. Defendant's sentence was enhanced, however, using the wrong enhancement provision. Id. at ¶ 4, 873 P.2d at 294. The correct enhancement provision was 21 O.S. § 51Fite, 1993 OK CR 521 O.S. § 64Fite, 1993 OK CR 58Fite, 1993 OK CR 58

¶11 The version of § 64 governing Fite authorized the "court" to impose a fine, not the jury. Fite, 1993 OK CR 58Fite overruled a prior case--Brown v. State, 1957 OK CR 70314 P.2d 362inter alia that "where a defendant is tried and sentenced by the jury, the court may not impose a fine under § 64." Fite, 1993 OK CR 58Brown allowed a defendant who pled guilty to be punished more harshly than a defendant who was convicted by a jury, and because the Legislature had enacted 22 O.S. § 991aFite:

Like § 991a, § 64 should be given effect and the trial court should be allowed to impose an appropriate fine under § 64 even when the defendant is sentenced to a term of imprisonment by the jury. Of course, nothing in § 64, or in this opinion, entitled the trial court to deviate from the term of imprisonment actually imposed by the jury. Accordingly, we overrule Brown v. State . . . to the extent that it is inconsistent with this opinion. Further, we modify the fine imposed on Fite from $100,000 to $10,000, the maximum permissible fine under § 64.

Fite, 1993 OK CR 58

¶12 Since Fite, we have been inconsistent in our unpublished decisions on whether the trial court at formal sentencing may impose a fine. In Frye v. State, No. F-2009-998, slip op. (Okl. Cr. May 5, 2011) (unpublished), we held that the trial court imposed an unauthorized $1,000 fine at sentencing after the jury was properly instructed on the option of ordering the defendant to pay a monetary fine but declined to assess any fine in its sentencing verdict. The State conceded that imposition of the fine under these circumstances was error. We cited Howell, 1981 OK CR 82Luker, 1976 OK CR 135Mixon v. State, No. F-2017-902, slip op. (Okl. Cr. Nov. 15, 2018) (unpublished) and Coke v. State, No. F-2018-384, slip op. (Okl. Cr. May 23, 2019) (unpublished), we found no plain error on the same basic facts and affirmed the trial court's imposition of fines in each case. Mixon and Coke collectively relied upon Fite and 22 O.S. § 991a

¶13 Fite is distinguishable from the present case. The jury in Fite actually imposed a fine that required modification on appeal by this Court because the defendant was sentenced under the wrong enhancement statute. Further, 21 O.S.1991, § 64Fite to authorize either "the court or a jury" to impose a fine not exceeding $10,000 in addition to the imprisonment prescribed. 21 O.S.Supp.1993, § 64See 21 O.S.2021, § 64supra).

¶14 The version of § 64 in force at the time of Fite was a major factor behind Fite's ultimate holding. Fite, 1993 OK CR 58or the jury to impose a fine in addition to the imprisonment prescribed is a clear catalyst for departure from Fite. See Lewis v. City of Oklahoma City, 2016 OK CR 12387 P.3d 899State v. District Court of Okla. County, 2007 OK CR 3154 P.3d 84Fite exist where a defendant who pleads guilty is subject to the general fine provision, and thus greater punishment, compared to a defendant who is convicted and sentenced with priors by a jury. Fite, 1993 OK CR 58who has the authority to impose a fine. Nothing in the plain language of § 991a suggests that the trial court's post-verdict sentencing powers include imposition of a fine (1) where the jury declines to impose a fine upon proper instruction or (2) where the jury actually imposed a fine. Whereas the plain language of § 926.1 remains clear and unmistakable: when the jury has assessed and declared the punishment in their verdict "within the limitations fixed by law . . . the court shall render a judgment according to such verdict[.]" 22 O.S.2021, § 926.1Fite moreover said very little about this provision in its analysis, instead referencing in passing 22 O.S. § 926Brown but ultimately repealed in 1999 and re-enacted as § 926.1.

¶15 "We construe statutes together, avoiding any interpretation which would render any part of them useless, superfluous or inconsistent, and will try to reconcile potentially conflicting provisions." Leftwich v. State, 2015 OK CR 5350 P.3d 14921 O.S.2021, § 6422 O.S.2021, § 926.1See 22 O.S.2021, § 927.1

¶16 This view is based on the primacy of jury sentencing expressed by the Legislature in § 64 and § 926.1. True, the Legislature has provided several ways for courts to exercise their discretion post-verdict with respect to sentencing. See 22 O.S.2021, § 927.122 O.S.2021, § 982a22 O.S.2021, § 991ainter alia "[s]uspend the execution of sentence in whole or in part, with or without probation"); 22 O.S.2021, § 994See also 22 O.S.2021, § 1066Borden v. State, 1985 OK CR 151710 P.2d 116Fite v. State, 1993 OK CR 58873 P.2d 293

APPELLANT'S REMAINING CLAIMS
(Propositions I-VIII and X-XI)

¶17 Metoyer's remaining claims are straightforward to resolve and allege the following propositions of error: (1) the accumulation of error deprived him of due process (Proposition I); (2) insufficient evidence was presented at trial to support his convictions (Proposition II); (3) the trial court failed to fairly and accurately instruct the jury on the crime of first degree misdemeanor manslaughter (Proposition III); (4) the trial court failed to fairly and accurately instruct the jury on the underlying misdemeanor crime of Driving Under the Influence (Proposition IV); (5) the trial court failed to fairly and accurately instruct the jury on causation (Proposition V); (6) the trial court erred in admitting the audio recording of his interview with Trooper Raines because Appellant's statements were coerced and involuntary (Proposition VI); (7) the trial court erred in admitting the audio recordings of his interview with Trooper Raines because Appellant was in custody and the record fails to show he was advised of the Miranda warnings (Proposition VII); (8) the warrantless blood draw violated the Fourth Amendment and the trial court erred in admitting evidence of the subsequent blood analysis (Proposition VIII); (9) prosecutorial misconduct deprived him of a fair trial and due process (Proposition X); and (10) trial counsel was constitutionally ineffective (Proposition XI).

¶18 Proposition I. We deny relief for alleged cumulative error. Mahdavi v. State, 2020 OK CR 12478 P.3d 449

¶19 Proposition II. Sufficient evidence was presented at trial to support both alternative theories of first degree misdemeanor manslaughter alleged in this case. Taken in the light most favorable to the State, sufficient evidence was presented at trial to allow any rational trier of fact to conclude beyond a reasonable doubt that Appellant was driving under suspension at the time of the collision, and that his conduct in driving while under suspension was a substantial factor in bringing about both victims' deaths. Sufficient evidence was also presented at trial to show alternatively that Appellant plowed into the back of Linda Cervantes's car while driving under the influence of marijuana as charged in this case and that Appellant's commission of driving while under the influence of marijuana was a substantial factor in causing both victims' deaths. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Davis v. State, 2011 OK CR 29268 P.3d 86State v. Ceasar, 2010 OK CR 15237 P.3d 79221 O.S.2011, § 71147 O.S.Supp.2016, § 6-30347 O.S.Supp.2013, § 11-902

¶20 Proposition III. Because Appellant did not object to Instruction No. 16 below or request any alterations, our review is for plain error only. Runnels v. State, 2018 OK CR 27426 P.3d 614Id. Appellant fails to show actual or obvious error.

¶21 Instruction No. 16, which set forth the elements of first degree misdemeanor manslaughter, was taken verbatim from OUJI-CR (2d) 4-94. The definitions contained in Instruction No. 17 were likewise taken directly from the uniform instructions, specifically OUJI-CR (2d) 4-108. Reviewing the total instructions, particularly the OUJI-CR (2d) 4-60 causation instruction provided to the jury in Instruction No. 15, there is nothing confusing let alone overbroad or inaccurate about the language used in defining first degree misdemeanor manslaughter and in detailing what was required to prove causation. The instructions fairly and accurately stated the governing law. There is no reasonable likelihood the jury could have convicted Appellant based on a mere finding that the deaths were caused by the common element of driving as alleged by Appellant. There was thus no error, let alone plain error, from the instructions. See Runnels, 2018 OK CR 27 Mitchell v. State, 2018 OK CR 24424 P.3d 677Harris v. State, 2007 OK CR 28164 P.3d 1103

¶22 Proposition IV. There was no abuse of discretion from the trial court's definition in Instruction No. 16 of the underlying misdemeanor crime of driving under the influence. The elements of the crime contained therein accurately stated the governing law. See Barnes v. State, 2017 OK CR 26408 P.3d 209Sanders v. State, 2002 OK CR 4260 P.3d 1048overruled on other grounds, Stewart v. State, 2019 OK CR 6442 P.3d 15847 O.S.2011, § 10-10447 O.S.Supp.2013, § 11-902

¶23 Proposition V. Instruction No. 15 was taken directly from the OUJI instructions and accurately stated the law concerning causation. There is nothing confusing let alone overbroad or inaccurate about the language used. The phrase "substantial factor" as used in this instruction is self-explanatory and does not require additional explanation. Indeed, no further definition or explanation was required for any portion of the instruction. There was no error, plain or otherwise. See OUJI-CR (2d) 4-60; 12 O.S.2011, § 577.2Williams v. State, 2021 OK CR 19496 P.3d 621A.O. v. State, 2019 OK CR 18447 P.3d 1179Ceasar, 2010 OK CR 15

¶24 Proposition VI. No Jackson v. Denno, 378 U.S. 368 (1964) hearing was held because Appellant never objected to the admissibility of the interview. "Failure to interpose a Motion to Suppress with a timely objection constitutes a waiver and preserves nothing for review on appeal." Jones v. State, 1987 OK CR 183742 P.2d 1152Jackson v. Denno hearing and no error occurred." Washington v. State, 1999 OK CR 22989 P.2d 960

¶25 Review of the audio recording of Appellant's interview at the hospital, along with Trooper Raines's testimony, shows Appellant's noncustodial statements were not the product of coercion and were knowingly and voluntarily made. Trooper Raines specifically denied threatening Appellant or making any promises in exchange for the statement. Nothing on the audio recording suggests coercion or involuntariness based upon the withholding of medical care or any other factor. Under these circumstances, there was no error, plain or otherwise, from the admission of State's Exhibit 22. Proposition VI is denied.

¶26 Proposition VII. Based on the total record, Appellant fails to show he was in custody during his interview with Trooper Raines either due to formal arrest or restraint on freedom. This despite the labels on the form affidavit used by Trooper Jackson to facilitate the warrantless blood draw. MirandaSee Mason v. State, 2018 OK CR 37433 P.3d 1264

¶27 Proposition VIII. Appellant failed to make a contemporaneous objection to the admission of the blood-draw evidence at trial, thus waiving review on appeal for all but plain error. Cochlin v. State, 2020 OK CR 23479 P.3d 534Missouri v. McNeely, 569 U.S. 141, 156 (2013). "This pronouncement means that in addition to having probable cause to support the search, police must also obtain a warrant unless there is some exigent circumstance where the needs of law enforcement [are] so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." Stewart v. State, 2019 OK CR 6442 P.3d 158

¶28 The record shows that Trooper Jackson had probable cause to believe evidence showing a DUI crime would be found in Appellant's blood. Further, Trooper Jackson "might reasonably have believed that he was confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened 'the destruction of evidence[.]'" Stewart, 2019 OK CR 6Schmerber v. California, 384 U.S. 757, 770-71 (1966)). The record further shows this was a serious crime involving a fatality accident and that the medical treatment Appellant was receiving had the potential to alter the results of any blood draw depending upon the medications given to him. The State has a vested interest in accurate results from its testing of the blood sample under these circumstances. "Particularly in a case such as this, where time had to be taken to bring the accused to a hospital and to investigate the scene of the accident, there was no time to seek out a magistrate and secure a warrant." Schmerber, 384 U.S. at 771.

¶29 Appellant fails to show plain error because exigent circumstances existed to make the warrantless blood draw in this case objectively reasonable for Fourth Amendment purposes. Trooper Jackson also complied with 47 O.S.2011, § 10-104

¶30 Proposition X. Appellant fails to show that he was denied a fundamentally fair trial in violation of due process by prosecutorial misconduct. There was no plain error. Darden v. Wainwright, 477 U.S. 168, 181 (1986); Shaw v. State, 2021 OK CR 33500 P.3d 641Mahdavi, 2020 OK CR 12 Lenard v. State, 1990 OK CR 55796 P.2d 636 Thomason v. State, 1988 OK CR 249763 P.2d 1182

¶31 Proposition XI. To prevail on an ineffective assistance of counsel claim, the defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). See Harrington v. Richter, 562 U.S. 86, 104 (2011) (discussing Strickland two-part standard). Appellant fails to show deficient performance or prejudice with any of his claims. We rejected in this appeal his instructional and evidentiary challenges as well as his prosecutorial misconduct claims. See Propositions III, IV, V, VI, VII, VIII & X.Mahdavi, 2020 OK CR 12Logan v. State, 2013 OK CR 2293 P.3d 969

¶32 Appellant is also not entitled to an evidentiary hearing on his ineffective assistance of counsel claim which is based on non-record evidence. Appellant fails to show by clear and convincing evidence there is a strong possibility trial counsel was ineffective for failing to utilize or identify the complained-of evidence. Rule 3.11(B)(3)(b)(i), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022); Lamar v. State, 2018 OK CR 8419 P.3d 283

DECISION

¶33 The Judgment and Sentence of the district court is AFFIRMED except the $600.00 fine imposed for each count is STRICKEN. Appellant's application to supplement the record or, in the alternative, for evidentiary hearing is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2022), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM 
THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE SHARON K. HOLMES, DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 CARLYE JIMERSON
 616 S. BOSTON, STE 404
 TULSA, OK 74119
 COUNSEL FOR DEFENDANT

  
 
 
 APPEARANCES ON APPEAL

 ALEX RICHARD
 P.O. BOX 926
 NORMAN, OK 73070
 COUNSEL FOR APPELLANT
 
 
 
 
 DANIEL LEVY
 MATTHEW KEHOE
 ASST. DISTRICT ATTORNEYS
 TULSA COUNTY
 500 S. DENVER, SUITE 900
 TULSA, OK 74103
 COUNSEL FOR THE STATE
 
 
 MIKE HUNTER
 OKLA. ATTORNEY GENERAL
 JOSHUA R. FANELLI
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: HUDSON, V.P.J.
ROWLAND, P.J.: CONCUR 
LUMPKIN, J.: SPECIAL CONCUR 
LEWIS, J.: CONCUR IN PART/DISSENT IN PART
MUSSEMAN, J.: CONCUR 

FOOTNOTES

21 O.S.Supp.2015, § 13.1

21 O.S.2011, § 71521 O.S.2011, § 51.121 O.S.2011, § 64Id. ("Upon a conviction for any felony punishable by imprisonment in any jail or prison, in relation to which no fine is prescribed by law, the court or a jury may impose a fine on the offender not exceeding Ten Thousand Dollars ($10,000.00) in addition to the imprisonment prescribed."). See Fite v. State, 1993 OK CR 58873 P.2d 293

Howell, Luker and Fleming interpreted and applied 22 O.S.1971 & O.S.1981 § 926 which was repealed in 1999 and replaced with 22 O.S.2021, § 926.1

See 22 O.S.2011, § 919Blueford v. Arkansas, 566 U.S. 599, 606 (2012). Here, the jury's chosen punishment for each count--twenty years imprisonment--was written by the jury on the verdict form. To impose a fine at formal sentencing under these circumstances plainly contradicts the jury's verdict that no fine shall be imposed, only imprisonment. That is forbidden under the law.

See Miranda v. Arizona, 384 U.S. 436 (1966).

See Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2022); Knapper v. State, 2020 OK CR 16473 P.3d 1053

 

 

LUMPKIN, JUDGE: SPECIAL CONCUR:

¶1 I concur in the Court's decision to affirm the Judgment and Sentence and to strike the fines imposed for each count. I write separately to address Proposition IX and the judge's imposition of the fines.

¶2 This case reveals the misunderstanding created in the minds of our trial judges by this Court's use of imprecise language over the years. Cases from the early days of this Court are replete with the Court remanding cases back to the trial court when a judge did not follow the jury verdict on punishment in order for the judge to enter a sentence that conformed to the verdict of the jury.

¶3 Then in the early 1970's, the language in opinions began to refer to the jury verdict as a recommendation.

¶4 Having begun my practice of criminal law during the 1970's, I accepted the language that a jury's verdict on punishment was a recommendation. However, I was wrong to do so as a trial judge's authority in sentencing is set out by statute and the jury verdict is not just a recommendation, but a final judgment on punishment subject to specific statutory provisions regarding imposition of that verdict.

¶5 As this Court has done in the current opinion, our analysis should be guided by the interpretation of the current statutory scheme laid out by the Constitution and the Oklahoma Legislature. The Legislature has set out in 22 O.S.2011, § 926.122 O.S.2011, § 991a

¶6 In contrast, under 22 O.S.2011, § 927.1

¶7 The sentencing powers of a trial court are set out by statute. There does not appear in our Court's jurisprudence any inherent constitutional power of a judge to modify a sentence rendered by a jury. If the Legislature desired trial judges to have that power, they could have set it out in statutes as they did in Section 982a. The only other statutory authorization for a court to modify a sentence is in 22 O.S.2011, § 1066

¶8 The jury in this case was given the option to assess a fine as part of their sentencing decision and they chose not to assess a fine. The trial judge was without authority to override that decision. I appreciate the Court providing the guidance needed to apply the plumb line set out in our statutes regarding the effect of a jury verdict in a criminal prosecution and ensures the imprecise wording in the past will no longer mislead the bench and bar as to the role of a jury in Oklahoma.

FOOTNOTES

Wood v. State, 1910 OK CR 224112 P. 11Webber v. State, 1920 OK CR 208193 P. 48Ex parte Martindale, 1930 OK CR 129287 P. 740Brown v. State, 1957 OK CR 70314 P.2d 362Fite v. State, 1993 OK CR 58873 P.2d 293

Hall v. State, 1976 OK CR 76548 P.2d 649Webb v. State, 1980 OK CR 83632 P.2d 428Swanson v. State, 1987 OK CR 117738 P.2d 546Toles v. State, 1997 OK CR 45947 P.2d 180Eizember v. State, 2007 OK CR 29164 P.3d 208Bivens v. State, 2018 OK CR 33431 P.3d 985

 

 

LEWIS, J., CONCURRING IN PART AND DISSENTING IN PART:

¶1 I concur in affirming the judgment and sentence, but respectfully dissent to vacating the fines, and to the Court's finding of plain error in the trial court's imposition of them. Title 22, O.S.2021, section 991a(A)(2) provides, with exceptions not relevant here, that when a defendant is convicted of a crime, the court may, among other things, "[i]mpose a fine prescribed by law for the offense[.]" The statute makes no distinction between cases tried to jury, before the court, or those adjudged guilty upon a plea. This legislative grant of authority to impose a fine as part of a sentence has persisted in versions of section 991a for over half a century. See In Re Collyar, 1970 OK CR 48476 P.2d 354

¶2 Under Title 21 O.S.2021, section 64(B), "[u]pon a conviction for any felony punishable by imprisonment in any jail or prison, in relation to which no fine is prescribed by law, the court or a jury may impose a fine on the offender not exceeding Ten Thousand Dollars ($10,000.00) in addition to the imprisonment prescribed." (emphasis added). The general rule of Oklahoma law then is that upon conviction of a crime, either the court or a jury may impose a fine in addition to the authorized term of confinement as part of a lawful judgment and sentence.

¶3 Title 22 O.S.2021, section 926.1 is not to the contrary, for it provides only that the jury may, and upon request, shall, "assess and declare" punishment "within the limitations fixed by law"; and further, that "the court shall render a judgment according to [the jury's] verdict, except as hereinafter provided." (emphasis added). When a fine is one of the punishments fixed by law, a jury can certainly assess and declare one. But nothing in section 926.1 denies a court's power to impose a fine, not least because that very power over the pronouncement of judgment is "hereinafter provided" in section 991a(A)(2).

¶4 In Fite v. State, 1993 OK CR 58873 P.2d 293 imprisonment enhanced under 21 O.S., section 51(B) "cannot be combined with" the fine provided by the substantive criminal statute, and thus reverts to the general fine of section 64. See Fite, 1993 OK CR 58

¶5 The Court rejected this irrational aspect of Fite and other cases four years ago in Bivens v. State, 2018 OK CR 33431 P.3d 985Fite did manage to correct a major error by overruling the 1957 opinion in Brown v. State, 1957 OK CR 70314 P.2d 362independent authority to impose a fine under sections 64 and 991a.

¶6 And the Court did so without diminishing a trial court's obligation under section 926.1 to pronounce judgment according to the jury's verdict in other material respects:

Like § 991a, § 64 should be given effect and the trial court should be allowed to impose an appropriate fine under § 64 even when the defendant is sentenced to a term of imprisonment by the jury. Of course, nothing in § 64, or in this opinion, entitles the trial court to deviate from the term of imprisonment actually imposed by the jury.

Fite, 1993 OK CR 58

¶7 In this passage, Fite gave effect to all three sentencing statutes, reconciling the jury's initial authority to assess a fine at trial with the trial court's independent authority to impose a fine when pronouncing judgment, even where the jury did not. Any supposed conflict in these three statutes is an abstraction with no real world parallel: When a trial jury has assessed imprisonment and a fine, the court will pronounce the judgment as such. When the trial court imposes its own fine at sentencing, the jury has invariably not assessed one at trial. In the statutory scheme of things, neither the jury nor the court exceeds its own sentencing power, or appropriates a power exclusively reserved to the other.

¶8 The jury's power to assess punishment is revered, but it is not "fundamental." The limits of jury sentencing are a matter of legislative discretion. In the relatively few cases where it occurs, jury sentencing is bounded by statutes on the execution, length, modification, and administration of the sentence, as the majority's citations attest. The statutes also provide that if the jury fails to agree on punishment, or simply omits to declare it in the verdict, its sentencing power is at an end, and the authority to sentence devolves on the trial court. 22 O.S.2021, § 927.1see also, Dew v. State, 1912 OK CR 374126 P. 592

¶9 The majority's decision to overrule Fite, and the conflict in our unpublished decisions in this area, strongly imply that the Court is announcing a new rule of law, rather than correcting a deviation from law that should be plain or obvious to any reasonably informed jurist. We recently affirmed, without any negative comment on the matter, a case in which the same trial court imposed the same $600.00 fines when pronouncing judgment on the jury-assessed terms of imprisonment. If the practice condemned today is common, calling it "plain error" invites appellate and post-conviction litigation about fines never challenged in the trial court.

¶10 Respectfully, the better interpretation of the statutes is that the jury's omission to assess a fine exhausts its own authority to do so. The jury's omission of a fine is not an acquittal, and has no preclusive effect on the court's independent authority to impose a fine when pronouncing judgment. The convicted criminal has no enforceable expectation whether the jury or the court will impose a fine. Either court or jury is authorized to do so; each may act in its own appointed time. It is for the Legislature, not this Court, to say otherwise.

¶11 The convicted defendant's rights are respected when a fine is imposed in an amount allowed by law. That is due process. Common justice would condemn two fines for the same conviction; as would the prohibitions against multiple punishments for the same offense. Nothing like that is before us, and nothing in the imposition of these fines plainly or obviously violated the law. For these reasons, I respectfully dissent.

FOOTNOTES

dicta.