Paul Douglas CHATHAM, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–83–779.

Court of Criminal Appeals of Oklahoma.

Jan. 2, 1986.

Rehearing Denied Jan. 24, 1986.

Dan R. Brown, Lawton, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Christy J. Caesar, Legal Intern, Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

The appellant, Paul Douglas Chatham, was convicted in Comanche County District Court, Case No. CRF–82–825, of Burglary in the Second Degree and Unauthorized Use of a Motor Vehicle, was sentenced to five (5) and two (2) years' imprisonment, respectively, and he appeals.

Appellant's convictions stem from the burglary of Clifford Fred Schneeberger's home in Comanche County on October 30, 1982, in which a small television, two wrist watches, a class ring and a hand calculator were taken, as well as a 1979 Pontiac Brougham automobile which was in the attached garage. The testimony of co-defendant, Gary Elrod, who pled guilty, implicated the appellant in the commission of the crimes. The appellant maintained that Elrod was the instigator and that he personally did not enter the residence but did drive the car; he stated that his prior statement to police, that he was in the house, was a fabrication.

I

Initially, the appellant asserts that his confession was involuntary and that the trial court erred in admitting it into evidence. This issue was raised in a companion case, No. F–83–778, wherein this Court affirmed a conviction of the appellant for Burglary in the Second Degree. For the reasons stated therein, this assignment of error is without merit.

II

In his second assignment of error, the appellant alleges that the trial court erred in allowing the T.V., two (2) wrist watches, class ring, and calculator to be admitted into evidence because Mr. Schneeberger was unable to positively identify them as his. The record reveals that Schneeberger testified that the items appeared to be the very same ones which were taken from his home, but that there was no particular distinguishing features about them.

The introduction or refusal of evidence is a matter for the exercise of discretion by the trial court. The action of the court on such a matter will not be disturbed except for an abuse of discretion. *Camp v. State*, 664 P.2d 1052 (1983); *Haury v. State*, 533 P.2d 991 (Okl.Cr.1975).

An absolutely positive identification by Schneeberger was not necessary under the circumstances. See, *Chaney v. State*, 612 P.2d 269 (Okl.Cr.1980), cert. den., 450 U.S. 1025, 101 S.Ct. 1731, 68 L.Ed.2d 219. This is especially true in light of the testimony of co-defendant Elrod that the items appeared to be the ones taken on the date in question, and the appellant's own testimony that the exhibits were the ones Elrod took from the Schneeberger residence. This assignment of error is without merit.

III

In his final assignment of error, the appellant complains that the trial court's failure to give an instruction on joyriding was error.

Co-defendant Elrod testified that, after the appellant drove the car down some country roads, he rammed it through a fence and drove into a pasture. Appellant made small, fast turns with the vehicle, described as "donuts," and did not cease until the car was wrecked and totally destroyed.

Although, the appellant submitted a written instruction on joyriding and orally objected to the court's refusal to give additional instructions on accessory to a crime and possession of stolen property (O.R. 121), he did not object, as he now asserts, to the failure to give the instruction on joyriding; rather, he stated that "other than those noted objections, we have nothing further, your Honor." (Tr.122). Thus, the appellant has waived his right to allege this error on appeal. See, *Butler v. State*,

645 P.2d 1030 (Okl.Cr.1982). Moreover, the instructions given adequately covered the subject matter. This assignment of error is without merit.

The judgments and sentences are AFFIRMED.

PARKS, P.J., and BRETT, J., concur.