STATE v. ALLEN



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:STATE v. ALLEN

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 STATE v. ALLEN
2021 OK CR 14
Case Number: S-2019-849
Decided: 05/20/2021
STATE OF OKLAHOMA, Appellant v. KELVIN WAYNE ALLEN & TAMI LEANN WARE
Cite as: 2021 OK CR 14, __ __

 

O P I N I O N
HUDSON, JUDGE:
¶1 The State of Oklahoma charged Kelvin Wayne Allen, Appellee, by Information in the District Court of Craig County, Case No. CF--2018--25, with Child Neglect (Count 1), in violation of 21 O.S.Supp.2014, § 843.5(C), and Conspiracy to Commit Child Neglect (Count 2), in violation of 21 O.S.2011, § 421. The State charged Tami Leann Ware, Appellee, by Information in the District Court of Craig County, Case No. CF--2018--26, with the same crimes, i.e., Child Neglect (Count 1) and Conspiracy to Commit Child Neglect (Count 2).
¶2 Each case is based on the same facts. The State alleged in Count 1 that both defendants willfully or maliciously neglected A.W., their unborn daughter, through their failure to protect her from exposure to the use or possession of illegal drugs. In Count 2, the State alleged that both defendants conspired and agreed to commit the crime of child neglect. At preliminary hearing, the magistrate bound Allen and Ware over on both counts as charged. Allen and Ware thereafter filed motions to quash both counts in their respective cases, arguing an unborn fetus was not a "child" subject to protection under the child neglect statute.
¶3 The Honorable Shawn S. Taylor, District Judge, granted both motions, finding a fetus was not a "child" subject to protection under the child neglect statute. Appellant, the State of Oklahoma, now appeals. We exercise jurisdiction pursuant to 22 O.S.2011, § 1053(4). For the reasons discussed below, we reverse the District Court's ruling and remand for further proceedings.[1] 
¶4 On October 2, 2017, Ware gave birth to A.W. at a Vinita hospital. Authorities were contacted because A.W.'s and Ware's blood tested positive for methamphetamine. A.W. remained at the hospital for five days during which she experienced symptoms of drug withdrawal. Based on A.W.'s condition, the State Department of Human Services placed A.W. into protective custody before the newborn ever left the hospital.

¶5 Allen is A.W.'s father and he lived with Ware during the pregnancy. The record shows Allen purchased drugs for Ware and the pair frequently ingested methamphetamine while Ware was pregnant. Allen told authorities Ware had ingested methamphetamine as recently as a few days before giving birth to A.W. Ware agreed with Allen to pretend she was not pregnant so the pair could continue using methamphetamine during the pregnancy. When confronted by authorities, Ware acknowledged the positive test results of the drug screenings but expressed a lack of concern because she did not want A.W. anyway. Allen and Ware both admitted knowing the medical harm posed to the unborn child from Ware ingesting drugs.
¶6 Title 21 O.S.Supp.2014, § 843.5(C) provides in pertinent part that, "[a]s used in this subsection, 'child neglect' means the willful or malicious neglect . . . of a child under eighteen (18) years of age by another." On appeal, the State argues--contrary to the District Court's interpretation of this statute--that an unborn child constitutes "a child under eighteen (18) years of age[.]" We generally review a district court's ruling in a state appeal for abuse of discretion. See State v. Gilchrist, 2017 OK CR 25, ¶ 12, 422 P.3d 182, 185. The State's challenge to the District Court's order in these cases, however, raises an issue of statutory interpretation we review de novo. Fuston v. State, 2020 OK CR 4, ¶ 15, 470 P.3d 306, 315. We have held "[t]he fundamental rule of statutory construction is to ascertain and give effect to the intention of the Legislature as expressed in the statute." Leftwich v. State, 2015 OK CR 5, ¶ 15, 350 P.3d 149, 155 (internal quotation omitted). This Court gives statutory language its plain and ordinary meaning. Id.
¶7 In State v. Green, 2020 OK CR 18, 474 P.3d 886, we interpreted Section 843.5(C) to include protection of an unborn child from child neglect. In Green, a toxicology report revealed a stillborn baby's cause of death was methamphetamine toxicity. Id., 2020 OK CR 18, ¶ 3, 474 P.3d at 888. The State charged the defendant with, inter alia, child neglect under Section 843.5(C). Id., 2020 OK CR 18, ¶ 1, 474 P.3d at 887. The district court granted the defendant's motion to quash, finding an unborn child was not a "child" under Section 843.5(C). Id., 2020 OK CR 18, ¶ 1, 474 P.3d at 888. On appeal, we held that "[a] child several weeks away from birth . . . is every bit as vulnerable to and in need of protection from neglect and its potential harm as a child one minute after birth." Id., 2020 OK CR 18, ¶ 12, 474 P.3d at 891. We thoroughly analyzed the language and purpose of the child neglect statute, reviewed other Oklahoma statutes as well as our previous decisions and concluded that an unborn child constitutes a "child" for purposes of Section 843.5(C). Id., 2020 OK CR 18, ¶¶ 5--19, 474 P.3d at 888-893. Accordingly, we reversed and held "a viable fetus may be the victim of . . . child neglect" on the facts presented in Green's case. Id., 2020 OK CR 18, ¶ 19, 474 P.3d at 893.
¶8 The present case is controlled by Green. In both cases, the State alleged the defendants willfully and maliciously engaged in child neglect by subjecting an unborn child to the use of illegal drugs. Green fatally undermines the District Court's interpretation of Section 843.5 based on the facts presented here. We therefore find the District Court abused its discretion in granting Appellees' motions to quash in both cases.
DECISION
¶9 The ruling of the District Court sustaining Appellees' motions to quash is REVERSED. This case is REMANDED for further proceedings not inconsistent with this Opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2021), the MANDATE is ORDERED issued upon the delivery and filing of this decision.
AN APPEAL FROM
THE DISTRICT COURT OF CRAIG COUNTY
THE HONORABLE SHAWN S. TAYLOR, DISTRICT JUDGE




APPEARANCES AT HEARING
KALI STRAIN
ASST. DISTRICT ATTORNEY
ROGERS COUNTY
200 S. LYNN RIGGS BLVD
SECOND FLOOR
CLAREMORE, OK 74017
COUNSEL FOR THE STATE
KENT RYALS
P.O. BOX 114
VINITA, OK 74301
COUNSEL FOR DEFENDANT
KELVIN WAYNE ALLEN
CLINTON M. WARD
221 W. DELAWARE
VINITA, OK 74301
COUNSEL FOR DEFENDANT
TAMI LEANN WARE

APPEARANCES ON APPEAL
KALI STRAIN
ASST. DISTRICT ATTORNEY
ROGERS COUNTY
200 S. LYNN RIGGS BLVD
SECOND FLOOR
CLAREMORE, OK 74017
COUNSEL FOR APPELLANT
NO RESPONSE FROM
APPELLEES



OPINION BY: HUDSON, J.
KUEHN, P.J.: CONCUR ROWLAND, V.P.J.: CONCUR LUMPKIN, J.: SPECIALLY CONCUR
LEWIS, J.: CONCUR IN RESULTS
FOOTNOTES
[1] Appellees did not file response briefs in this appeal and we have not received a request for extension of time in which to file a response brief from either party. Because counsel for Allen and Ware fully developed their arguments on this issue below, and because this appeal is easily resolved in light of our recent decision in State v. Green, 2020 OK CR 18, 474 P.3d 886, discussed infra, we submit the matter for decision without a response brief.




LUMPKIN, JUDGE: SPECIALLY CONCURRING:
¶1 I join in the well written opinion by Judge Hudson and the application of our decision in Green v. State, 2020 OK CR 18, 474 P.3d 886, to this case.
¶2 I write only to point out that while the medical community has various labels for the development of a child in the womb, those labels do not guide this Court in the application of our State's criminal law statutes. Many years ago this Court decided as follows in Hughes v. State, 1994 OK CR 3, ¶ 4, 868 P.2d 730, 731, that pursuant to our homicide statute, a child in the womb is a human being:
We . . . hold that . . . an unborn fetus that was viable at the time of injury is a "human being" which may be the subject of a homicide under 21 O.S.1981 § 691 ("Homicide is the killing of one human being by another"). [Any person who kills a child in the womb is subject to criminal prosecution for the homicide.]
In Green, we consistently applied that fact to the protection of a child in the womb from neglect. Therefore, all persons should take notice that a child in the womb will be protected under Oklahoma law.
 





 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1994 OK CR 3, 868 P.2d 730, HUGHES v. STATE
Discussed
 2015 OK CR 5, 350 P.3d 149, LEFTWICH V. STATE
Discussed
 2020 OK CR 4, 470 P.3d 306, FUSTON v. STATE
Discussed
 2020 OK CR 18, 474 P.3d 886, STATE v. GREEN
Discussed at Length
 2017 OK CR 25, 422 P.3d 182, STATE v. GILCHRIST
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 843.5, Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties
Discussed
 21 O.S. 421, Conspiracy - Definition - Punishment
Cited
 21 O.S. 691, Definitions
Cited
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA