OSCN Found Document:WASHBURNE v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 WASHBURNE v. STATE
2024 OK CR 9
Case Number: F-2022-787
Decided: 04/11/2024
MICKY TODD WASHBURNE, Appellant v. THE STATE OF OKLAHOMA, Appellee

Cite as: 2024 OK CR 9, __ __

 

 

SUMMARY OPINION

MUSSEMAN, VICE PRESIDING JUDGE:

¶1 Appellant, Micky Todd Washburne, appeals his Judgment and Sentence from the District Court of Washington County, Case No. CF-2021-261, for Lewd or Indecent Proposals to a Child Under 16, in violation of 21 O.S.Supp.2018, § 1123(A)(1).

¶2 The Honorable Linda Thomas, District Judge, presided over Washburne's jury trial. The jury found Appellant guilty and assessed punishment of five (5) years imprisonment and a five thousand dollar ($5,000.00) fine.[1] The trial court sentenced Appellant in accordance with the jury's verdict and granted credit for time served. Appellant appeals his judgment and sentence and raises the following issues:

I. whether the trial court erred in instructing the jury that its sentence was merely a recommendation;

II. whether the trial court committed plain error when it instructed the jury that Appellant's alleged crime was subject to the 85% Rule;

III. whether the trial court erred in refusing Appellant's request for a mistrial after the State's Brady violation was revealed;

IV. whether trial counsel rendered ineffective assistance when she failed to examine Officer Williams regarding his relationship with Appellant and his prior relationship with the Appellant's girlfriend; and

V. whether the Judgment and Sentence entered by the trial court inaccurately states that Appellant entered a plea of guilty when he was tried by a jury, and it should be corrected nunc pro tunc.

¶3 We affirm the Judgment and Sentence of the district court.

I.

¶4 Appellant's first proposition claims that he is entitled to a favorable modification of his sentence because the trial court incorrectly informed the jury that the jury makes a recommendation of punishment, rather than informing the jury that its verdict would be the imposed sentence. Appellant did not object to the trial court's charge to the jury, limiting our review to plain error. Metoyer v. State, 2022 OK CR 27, ¶ 20, 526 P.3d 1158, 1166.

¶5 Plain error review requires the defendant to prove: (1) the existence of an actual error; (2) that the error is plain or obvious; and (3) that the error affected his substantial rights, meaning the error affected the outcome of the proceeding. Washington v. State¸ 2023 OK CR 22, ¶ 7, 541 P.3d 852, 856 (citing Hogan v. State, 2006 OK CR 19, ¶ 38, 139 P.3d 907, 923). Even where this showing is made, this Court will correct plain error only where the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings or represented a miscarriage of justice. Id.

¶6 We have previously held that "a jury's sentencing verdict is not merely a recommendation that informs the trial court's ultimate sentencing determination. . . . The trial court should follow the jury's sentencing verdict unless it is otherwise legally infirm." Metoyer, 2022 OK CR 27, ¶ 15, 526 P.3d at 1164-65 (footnote omitted) (citing 21 O.S.2021, § 64; 22 O.S.2021, § 926.1). In Metoyer, though, modification of the sentence was granted because the sentencing judge imposed a sentence different from that assessed by the jury.

¶7 Review of the record here shows that the jury assessed a sentence within the statutory sentencing range, and the sentencing judge imposed the sentence assessed by the jury. The record shows that any error made by the trial court in its instruction was with the agreement of Appellant's trial counsel and did not seriously affect the fairness, integrity, or public reputation of the proceeding or result in a miscarriage of justice. Proposition I is denied.

II.

¶8 Appellant claims in his second proposition that the trial court erred when it instructed the jury that he would be required to serve 85% of his sentence before becoming eligible for parole if he were convicted of making a lewd proposal to a child. Appellant argues that a proposal to a child does not fall under the definition of "lewd molestation" as required by Title 21, Section 13.1, of the Oklahoma Statutes. As Appellant did not object to the instruction during trial, we would generally review for plain error only as set forth in Proposition I. However, we will review de novo as the challenge by Appellant also requires review of a question of statutory interpretation. State v. Allen, 2021 OK CR 14, ¶ 6, 492 P.3d 27, 29.

¶9 A fundamental principle of statutory construction is to ascertain and give effect to the intention of the Legislature. Gerhart v. State, 2015 OK CR 12, ¶ 14, 360 P.3d 1194, 1198. Legislative intent is first determined by the plain and ordinary language of the statute. Newlun v. State, 2015 OK CR 7, ¶ 8, 348 P.3d 209, 211. "A statute should be given a construction according to the fair import of its words taken in their usual sense, in connection with the context, and with reference to the purpose of the provision." Jordan v. State, 1988 OK CR 227, ¶ 4, 763 P.2d 130, 131.

¶10 The precise issue here is whether a lewd or indecent proposal, in violation of 21 O.S.Supp.2018, § 1123(A)(1), is a crime of "lewd molestation of a child as defined in Section 1123" and thus subject to the 85% Rule, as the trial court instructed the jury.[2] Section 1123(A)(1) makes it a felony for any person

to knowingly and intentionally . . . [m]ake any oral, written or electronically or computer-generated lewd or indecent proposal to any child under sixteen (16) years of age, or other individual the person believes to be a child under sixteen (16) years of age, for the child to have unlawful sexual relations or sexual intercourse with any person. . . .

The relevant version of the 85% Rule, codified at 21 O.S.Supp.2015, § 13.1(18),[3] provided (with emphasis added):

Persons convicted of . . . Lewd molestation of a child as defined in Section 1123 of this title . . . shall be required to serve not less than eighty-five percent (85%) of any sentence of imprisonment imposed by the judicial system prior to becoming eligible for consideration for parole.

The State argues that a lewd or indecent proposal is an 85% crime, citing a footnote reference in Barnard v. State, 2012 OK CR 15, ¶ 1 n.1, 290 P.3d 759, 761, n.1.[4] Appellant argues that criminal statutes must be strictly construed against the State, and takes the position that a proposal to commit lewd acts with a minor is not -- absent express legislative text to the contrary -- the same as "lewd molestation."

¶11 The crux of the problem here is that, despite what Section 13.1 says, the term "lewd molestation" is not defined in Section 1123, or anywhere else in the Oklahoma Statutes for that matter. Since it was enacted in 1945, Section 1123 has proscribed a broad range of conduct -- including not just the physical touching of a minor, but also proposals to a minor for such purposes, and even "look[ing] upon" a minor in a lewd or lascivious manner. This Court's use of the term "lewd molestation" in published opinions can be traced back as early as 1955. Lowrey v. State, 1955 OK CR 131, ¶¶ 1, 5, 290 P.2d 785 (describing a defendant's crime as lewd molestation, but providing no details as to exactly what the conduct was). Since then, the term continues to be used to refer generically to crimes against children listed in Section 1123. See, e.g., Munn v. State, 1969 OK CR 245, ¶¶ 10-13, 459 P.2d 628, 631-32 (rejecting a defendant's claim that driving a child to a secluded place and asking her to disrobe, at which point she fled, was insufficient to constitute "lewd molestation").[5]

 

¶12 Over the years, the list of crimes against children covered by Section 1123 has been expanded. (The statute now also covers other conduct, such as sexual battery against victims who are at least sixteen years of age, and various acts with human corpses.) But the fact remains that all proscribed conduct involving children appears in a single section of law (presently, Paragraph A of Section 1123), without any clear attempt to differentiate in terms of severity of punishment between actions and words. The crime of lewdly looking upon a minor is, and always has been, found in the very same clause or subsection that proscribes lewdly touching one. Compare 21 O.S.Supp.1945, § 1123 with 21 O.S.Supp.2018, § 1123(A)(2).[6] While it might make sense to distinguish, for punishment purposes, between (1) lewdly touching a minor, (2) proposing lewd acts to a minor, and (3) merely looking at a minor in a lewd fashion, the Legislature has not clearly done so.[7]

 

¶13 Section 1123 has always considered a perpetrator equally culpable, whether the conduct involved actual sex acts with a child, or merely proposing same to the child. Attempts to distinguish, for punishment purposes, between mere proposals and consummated acts are not supported by the statutory text. Returning to the language of the 85% Rule, we believe that when the Legislature applied the Rule to those convicted of "[l]ewd molestation of a child as defined in Section 1123 of this title," it intended to include all sex crimes against children that are mentioned therein. The trial court's instruction was not error. Proposition II is denied.

 

III.

¶14 Appellant claims in his third proposition that the trial court erred in failing to grant a mistrial after an alleged Brady[8] violation was revealed. As counsel for Appellant requested a mistrial, the trial court's decision will be reviewed for an abuse of discretion. Jackson v. State, 2006 OK CR 45, ¶ 11, 146 P.3d 1149, 1156. An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue or a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented. Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.

¶15 A mistrial is appropriate "when an event at trial results in a miscarriage of justice or constitutes an irreparable and substantial violation of an accused's constitutional or statutory right." Tryon v. State, 2018 OK CR 20, ¶ 133, 423 P.3d 617, 653. For the Court to find a reversible error here, Appellant "must meet the burden of showing (1) the prosecution has actually suppressed evidence after that evidence has been requested by the defense; (2) the evidence was favorable to appellant's defense; and (3) the evidence is material either to the guilt of appellant or to his punishment." Lay v. State, 1988 OK CR 60, ¶ 12, 752 P.2d 823, 826.

¶16 A review of the record shows that the trial court thoroughly reviewed the evidence presented. The evidence that was allegedly suppressed was not shown to favor the defense or to be material to his guilt or punishment. The trial court did not abuse its discretion in denying the request for mistrial. Proposition III is denied.

IV.

¶17 Appellant claims in his fourth proposition that he was denied the effective assistance of counsel because his attorney failed to question the arresting officer about his prior relationships with Appellant and Appellant's girlfriend. This Court reviews claims of ineffective assistance of counsel de novo, to determine whether counsel's constitutionally deficient performance, if any, prejudiced the defense so as to deprive the defendant of a fair trial with reliable results. Strickland v. Washington, 466 U.S. 668, 687 (1984); Malone v. State, 2013 OK CR 1, ¶ 14, 293 P.3d 198, 206. Under Strickland, an appellant must show both (1) deficient performance, by demonstrating that his counsel's conduct was objectively unreasonable, and (2) resulting prejudice, by demonstrating a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. Strickland, 466 U.S. at 687. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. 466 U.S. at 694.

¶18 Strickland's demanding standard for deficient performance is satisfied only by proof of unprofessional errors so serious that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. Browning v. State, 2006 OK CR 8, ¶ 14, 134 P.3d 816, 830. An appellant must overcome the presumption that the representation by counsel was sound trial strategy. Id.

¶19 The record before us shows that Appellant's counsel's representation was not unreasonable and Appellant has not shown that the result of the proceeding would have been different even if his counsel had obtained testimony from the witness about his history with Appellant. Proposition IV is denied.

V.

¶20 In his fifth proposition, Appellant requests that we remand this matter to have his Judgment and Sentence corrected to reflect that he was found guilty by a jury, rather than pled guilty. The State responded that Appellant's request for relief has become moot and submitted a Motion to Supplement the Record on Appeal that included a copy of a corrected Judgment and Sentence showing that Appellant was found guilty by jury.

¶21 We hereby grant the State's Motion to Supplement the Appeal Record with the corrected Judgment and Sentence. The supplemental material renders Appellant's request in Proposition V moot.

DECISION

¶22 The Judgment and Sentence of the district court is AFFIRMED. The State's Motion to Supplement the Record on Appeal is GRANTED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF WASHINGTON
COUNTY, THE HONORABLE LINDA THOMAS,
DISTRICT JUDGE

 
 
 
 APPEARANCES AT TRIAL

 KRISTI K. SANDERS
 ATTORNEY AT LAW
 415 S.E. DEWEY AVENUE,
 SUITE 302
 BARTLESVILLE, OK 74003
 ATTORNEY FOR DEFENDANT
 
 
 APPEARANCES ON APPEAL

 MARYANN GROVER
 OKLAHOMA INDIGENT
 DEFENSE
 111 N. PETERS AVE.,
 SUITE 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT
 
 
 
 
 WILL DRAKE
 ASSISTANT DISTRICT ATTORNEY
 420 SOUTH JOHNSTONE,
 ROOM 222
 BARTLESVILLE, OK 74003
 COUNSEL FOR STATE
 
 
 GENTNER F. DRUMMOND
 ATTORNEY GENERAL OF
 OKLAHOMA
 SAMANTHA K. OARD
 ASSISTANT ATTORNEY
 GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 
 

 

OPINION BY: MUSSEMAN, V.P.J.
ROWLAND, P.J.: Concur in Part and Dissent in Part
LUMPKIN, J.: Concur
LEWIS, J.: Concur in Part and Dissent in Part
HUDSON, J.: Concur

FOOTNOTES

[1] Appellant will be required to serve 85% of his sentence before becoming eligible for parole consideration. 21 O.S.Supp.2015, § 13.1.

[2] This Court previously ruled on this issue in Detar v. State, 2021 OK CR 9, 497 P.3d 1215 (vacated and set aside based upon McGirt v. Oklahoma, 591 U.S __, 140 S.Ct. 2452 (2020)). Our purpose in publishing this opinion is to reestablish the precedent originally set forth in Detar.

[3] The current version of this statute, last amended in 2021, is the same for purposes of our analysis of this question.

[4] "Making Lewd or Indecent Proposals to a Child in violation of 21 O.S.Supp.2006, § 1123(A)(1), is a crime that is subject to the 85% limit on parole eligibility set out in 21 O.S.Supp.2002, § 13.1. Barnard's jury was so instructed." Id.

[5] The Legislature has also employed the term as a technically imprecise shorthand for all crimes described in Section 1123. See, e.g., 10A O.S.2021, § 1-4-904(B)(8)(c).

[6] The original version of Section 1123 consisted of one long sentence punctuated into clauses. Insofar as it constituted a list of proscribed conduct, the text did not suggest that looking at a minor in a lewd manner, or proposing sexual relations to a minor, should be treated any differently than actually touching a minor with the same intent:

Any adult male person who shall knowingly and intentionally make any oral or written lewd or indecent proposal to any female child [under 14] for such child to have unlawful sexual relations, or sexual intercourse with him or any other person; or any such adult male person who shall intentionally and designedly look upon, touch, maul or feel of the body or private parts of any female child [under 14 in any lewd, or lascivious manner by any acts of him not amounting to the commission of the crime of rape, or any assault [sic] with intent to commit rape or an attempted rape, as may now be defined by the laws of Oklahoma; or any such adult male person who shall designedly ask, invite, entice, persuade any female child [under 14] to go alone with him or any other persons to any secluded, remote, or secrete [sic] place, with the unlawful and wilful intent and purpose of him, then and there, to have unlawful sexual intercourse with such child or to in any manner lewdly or lasciviously look upon, touch, maul or feel the private person of the private parts of such child in any indecent manner, or in any manner relating to sex matters or sex interest, shall be deemed guilty of a misdemeanor[.]

21 O.S.Supp.1945, § 1123 (emphasis added).

[7] The only clear punishment distinction made in the current version of Section 1123(A) involves not the defendant's conduct, but the age of the victim. The current text does contain rather opaque language concerning the punishment of sex-offender recidivists, see Throneberry v. State, No. F-2017-963 (Okl.Cr. Jan. 16, 2020) (unpublished), but that language does not apply to Appellant.

[8] Brady v. Maryland, 373 U.S. 83 (1963).

 

 

ROWLAND, P.J., CONCURRING IN PART/DISSENTING IN PART:

¶1 I concur in affirming Washburne's conviction, but I would remand for resentencing because I disagree with the majority's holding that the 85% Rule of 21 O.S.Supp.2015, § 13.1 applies to all crimes included within 21 O.S.Supp.2018, § 1123(A). While I agree that making all Section 1123(A) offenses subject to the 85% Rule might be good public policy for the Legislature to consider, I simply cannot join the Court in stretching the current text of these statutes to reach that result.

¶2 The majority opinion does an excellent job of setting up the problem here, which is that in Section 13.1(18), the 85% Rule applies to persons convicted of "[l]ewd molestation of a child as defined in Section 1123 of this title", but that term is not defined nor even mentioned in Section 1123. Rather, that section of law criminalizes various sexual crimes against children. It applies to various lewd or lascivious acts at Section 1123(A)(2), (4), and (5), and to certain lewd or indecent proposals, invitations, or enticements to a child under sixteen years of age for the purpose of committing a sexual crime upon the child at Section 1123(A)(1) and (3). Thus, our task is to determine whether the "lewd molestation" covered by the 85% Rule includes all of Section 1123(A), or only a portion of those crimes.

¶3 The majority concludes that because the crimes are all found in the same subsection and historically carried the same punishment, when the Legislature applied the 85% Rule in Section 13.1(18) to "lewd molestation", it intended that it apply to all crimes included within Section 1123(A). In other words, the majority reads the reference to "Lewd molestation of a child as defined in Section 1123 of this title" as if it says, "all crimes against a child listed in Section 1123(A)." There are two problems with this reading of that passage.

¶4 The first is that when the Legislature intends for the 85% Rule to cover all crimes in a statutory section, it does so clearly and explicitly. For example, in Section 13.1(5) all shooting, assault, or battery crimes listed in 21 O.S.2011, § 652 are specifically enumerated as covered by the 85% Rule. Similarly, but more succinctly, Section 13.1(14) applies to "[a]ny crime against a child provided for in Section 843.5 of this title . . . ." Title 21 O.S.Supp.2019, § 843.5 contains a plethora of crimes involving abuse, neglect, exploitation, or sexual abuse of a child. Conversely, as noted above, Section 13.1(18) does not list all specific acts contained within Section 1123(A), nor does it specifically state that it applies to any crime against a child provided for in Section 1123(A). Rather, it refers to "molestation" which I believe means the crimes involving acts, but not proposals, set forth in Section 1123(A).

¶5 The second problem with interpreting the 85% Rule to cover all Section 1123(A) crimes is that it violates our long-held statutory principle that criminal laws are interpreted strictly against the State. See State v. District Court of Cleveland County, 1991 OK CR 68, ¶ 6, 816 P.2d 552, 554 ("[P]enal statutes are to be interpreted strictly against the State and liberally in favor of the accused . . . ."). The majority is persuaded by the fact that the Legislature has not clearly stated that the 85% Rule does not apply to all crimes in this section, but to me that gets the analysis backward. If we really do interpret penal laws strictly against the State, we should only apply the 85% Rule where the Legislature has clearly said to do so.

¶6 I further note that the title of our current uniform jury instruction on Section 1123(A), Oklahoma Uniform Jury Instruction (Criminal) 4-129, reads, "OUJI-CR 4-129 - [Lewd Acts (Molestation) with]/[Indecent Proposals to] a Child Under Sixteen -- Elements[.]" Note the parenthetical explanation of lewd acts as "molestation" with no such parenthetical connecting that term to indecent proposals. True enough, this is not binding law on this Court, but these are the official statements of the law given to Oklahoma criminal juries and sanctioned by this Court in published opinions adopting them. That alone should be enough for this Court to give the benefit of any doubt to Washburne if we are to be true to our claim of strictly construing penal statutes. "The purpose of strict construction is not to reward those who commit acts which should be punishable. Rather, it is to ensure that when liberty is at stake, all citizens have fair and clear warning of what conduct is prohibited, and, equally important, the severity of punishment for any infraction." Durant v. State, 2008 OK CR 17, ¶ 8, 188 P.3d 192, 194.

¶7 I concur in affirming Washburne's conviction, but I dissent to affirming his sentence under the 85% Rule and I would remand for resentencing.

 

 

LEWIS, J., CONCURRING IN PART AND DISSENTING IN PART:

¶1 I concur in affirming the judgment and sentence, as no reversible error occurred. I respectfully dissent from the majority's conclusion that a sentence for lewd or indecent proposals is subject to the "85% Rule." 21 O.S.Supp.2015, § 13.1.

¶2 A careful examination of the sentencing scheme for these offenses identifies "lewd molestation" as lewd or indecent acts rather than proposals. Such proposals are not subject to the 85% Rule of section 13.1.

¶3 The majority correctly notes that the words "lewd molestation" do not appear in the text of section 1123(A). How could this provision then "define" that phrase for purposes of its application to section 13.1?

¶4 The answer involves the penalty provisions of section 1123(A), which provide in relevant part that:

Except as provided in Section 51.1a of this title, any person convicted of a second or subsequent violation of this subsection shall be guilty of a felony punishable as provided in this subsection and shall not be eligible for probation, suspended or deferred sentence. Except as provided in Section 51.1a of this title, any person convicted of a third or subsequent violation of this subsection shall be guilty of a felony punishable by imprisonment in the custody of the Department of Corrections for a term of life or life without parole. . . Any person convicted of a violation of this subsection after having been twice convicted of a violation of subsection A of Section 1114 of this title, Section 888 of this title, sexual abuse of a child pursuant to Section 843.5 of this title, or of any attempt to commit any of these offenses or any combination of convictions pursuant to these sections shall be punished by imprisonment in the custody of the Department of Corrections for a term of life or life without parole (emphasis added).

¶5 These exceptions to the penalties in section 1123(A) direct the reader to section 51.1a of Title 21, which provides in pertinent part:

Any person convicted of . . . lewd molestation . . . after having been convicted of either rape in the first degree, forcible sodomy, lewd molestation or sexual abuse of a child shall be sentenced to life without parole. (Emphasis added).

¶6 The Court previously realized that that section 51.1a's life without parole penalty for "lewd molestation" applied when the "current and prior convictions are both for the lewd and/or indecent acts . . . as opposed to the lewd and/or indecent proposals also proscribed by section 1123(A))" (emphasis added).[1]

¶7 Reading sections 51.1a and 1123(A) together, lewd or indecent proposals are not subject to mandatory life without parole in section 51.1a only because they are not crimes of lewd molestation. And by the same reasoning, lewd or indecent proposals are not lewd molestation for purposes of the 85% Rule.

¶8 I see little reason to believe that Appellant's five-year prison sentence for this first offense was substantially affected by the trial court's erroneous instruction. Any harm could be remedied simply by removing the 85% requirement from this otherwise fair and reasonable sentence.

FOOTNOTES

[1] Throneberry v. State, No. F-2017-963 slip. op. at 13. (Okl.Cr. Jan. 16, 2020)(Unpublished). I specially concurred in Throneberry, because I doubted the majority's conclusion that section 1123(A)'s penalty provisions were "irreconcilable" with section 51.1a or other statutes. On the contrary, these statutes establish a discernible matrix of harsh penalties for convicted felons who later commit sexual offenses, and even harsher penalties for sex offenders who re-offend (the latter in section 51.1a and in the final sentence of section 1123(A)). "Lewd molestation" and lewd or indecent proposals are simply not the same thing under a logically integrated reading of sections 13.1, 51.1a, and 1123(A).

 

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1988 OK CR 60, 752 P.2d 823, 
LAY v. STATE
Discussed

 
1988 OK CR 227, 763 P.2d 130, 
JORDAN v. STATE
Discussed

 
1991 OK CR 68, 816 P.2d 552, 
STATE v. DISTRICT COURT OF CLEVELAND CTY.
Discussed

 
2006 OK CR 8, 134 P.3d 816, 
BROWNING v. STATE
Discussed

 
2006 OK CR 19, 139 P.3d 907, 
HOGAN v. STATE
Discussed

 
2006 OK CR 45, 146 P.3d 1149, 
JACKSON v. STATE
Discussed

 
2008 OK CR 17, 188 P.3d 192, 
DURANT v. STATE
Discussed

 
2012 OK CR 7, 274 P.3d 161, 
NELOMS v. STATE
Discussed

 
2012 OK CR 15, 290 P.3d 759, 
BARNARD v. STATE
Discussed

 
2013 OK CR 1, 293 P.3d 198, 
MALONE v. STATE
Discussed

 
2015 OK CR 7, 348 P.3d 209, 
NEWLUN v. STATE
Discussed

 
2015 OK CR 12, 360 P.3d 1194, 
GERHART v. STATE
Discussed

 
2018 OK CR 20, 423 P.3d 617, 
TRYON v. STATE
Discussed

 
2021 OK CR 9, 489 P.3d 70, 
WITHDRAWN
Cited

 
2021 OK CR 14, 492 P.3d 27, 
STATE v. ALLEN
Discussed

 
2021 OK CR 34, 497 P.3d 1215, 
DETAR v. STATE
Cited

 
2022 OK CR 27, 526 1158, 
METOYER v. STATE
Discussed

 
2023 OK CR 22, 
WASHINGTON v. STATE
Cited

 
1955 OK CR 131, 290 P.2d 785, 
LOWREY v. STATE
Discussed

 
1969 OK CR 245, 459 P.2d 628, 
MUNN v. STATE
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 13.1, 
Required Service of Minimum Percentage of Sentence - Offenses Specified
Discussed at Length

 
21 O.S. 843.5, 
Abuse, Neglect, Exploitation, or Sexual Abuse of Child - Penalties - Definitions
Cited

 
21 O.S. 64, 
Fine in Addition to Imprisonment or Community Punishment
Cited

 
21 O.S. 652, 
Shooting with Intent to Kill - Assault and Battery with Deadly Weapon, etc.
Cited

 
21 O.S. 1123, 
Lewd or Indecent Proposals or Acts to Child Under 16
Discussed at Length

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 926.1, 
Circumstances Where Jury Declares Punishment
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA