OSCN Found Document:STEEL v. STATE

 

 
 STEEL v. STATE2026 OK CR 13Case Number: F-2024-797Decided: 03/12/2026Mandate Issued: 03/12/2026THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2026 OK CR 13, __ P.3d __

 

JOHN ANTHONY STEEL, Appellant,
v.
THE STATE OF OKLAHOMA, Appellee.

SUMMARY OPINION

MUSSEMAN, VICE PRESIDING JUDGE:

¶1 Appellant, John Anthony Steel, appeals his Judgment and Sentence from the District Court of McCurtain County, Case No. CF-2023-108, Lewd or Indecent Proposal to Child Under 16, in violation of 21 O.S.Supp.2022, §1123

¶2 The Honorable Emily Maxwell, District Judge, presided over the bench trial. At the conclusion of trial, Judge Maxwell found Mr. Steel guilty. At formal sentencing Judge Maxwell sentenced Mr. Steel to the maximum of ten years imprisonment and denied credit for time served. 

I. whether there was sufficient evidence that Appellant proposed "unlawful sexual relations or intercourse with any person" under the plain meaning of those terms.

¶3 We affirm the Judgment and Sentence of the district court.

I.

¶4 Appellant's sole proposition alleges that insufficient evidence was presented to convict him of a lewd proposal because the statement he allegedly made to the victim does not meet the definition of "unlawful sexual relations." Appellant asserts that unlawful sexual relations as listed in the statute includes only sexual intercourse. Appellant did not raise this issue to the trial court.

¶5 The ultimate question of sufficiency of the evidence should be resolved with deference to the fact finder and in a light most favorable to the State. Dodd v. State, 2004 OK CR 31100 P.3d 1017see also Spuehler v. State, 1985 OK CR 132709 P.2d 202Coddington v. State, 2006 OK CR 34142 P.3d 437de novo. State v. Allen, 2021 OK CR 14492 P.3d 27

¶6 To prove lewd proposals to a child, the State was required to show that Appellant knowingly and intentionally made an oral lewd or indecent proposal to a child under sixteen years of age for the child to have unlawful sexual relations or intercourse with any person while Appellant was at least three years older than the child. 21 O.S.Supp.2022, § 1123

¶7 "A fundamental principle of statutory construction is to ascertain and give effect to the intention of the Legislature." Washburne v. State, 2024 OK CR 9548 P.3d 786 Gerhart v. State, 2015 OK CR 12360 P.3d 1194Id. (citing Newlun v. State, 2015 OK CR 7348 P.3d 209Jordan v. State, 1988 OK CR 227763 P.2d 130

¶8 Title 21, Section 1123(A)(1) of the Oklahoma Statutes criminalizes a lewd proposal to a minor to have "unlawful sexual relations or sexual intercourse with any person." The statute does not clearly define "sexual relations," so it is up to this Court to interpret its plain and ordinary meaning. For guidance, Black's Law Dictionary defines sexual relations as sexual intercourse or physical sexual activity that is not intercourse, usually involving touching of another. Sexual Relations, Black's Law Dictionary (11th ed. 2019). For additional guidance, the disjunctive "or" between the terms "sexual relations" and "sexual intercourse" signals that the two terms are distinct concepts, not synonyms. See Magness v. State, 1970 OK CR 157476 P.2d 382

¶9 Statutes can be interpreted by looking to each part of the statute or other statutes for guidance. O'Connor v. Oklahoma State Conference of NAACP, 2022 OK CR 21516 P.3d 1164Landrum v. State, 96 Okla.Crim.App. 356, 359, 255 P.2d 525Id. (citing Vilandre v. State, 2005 OK CR 9113 P.3d 89321 O.S.Supp.2022, §1123

¶10 We now hold that "sexual relations" covers more than sexual intercourse. The next logical conclusion, in reading the complete statutory provision, is that lewd or indecent proposals to a child to have unlawful sexual relations must include all conduct other than sexual intercourse set out in Section 1123(A). Therefore, Appellant's suggestion to the victim that they watch pornography and masturbate together involves unlawful sexual relations as written in Section 1123.

¶11 Review of the entire record, viewed in the light most favorable to the State, shows Appellant's statements, as recalled by the victim, were sufficient to support finding Appellant guilty of lewd proposals to a child. Proposition I is denied.

DECISION

¶12 The Judgment and Sentence of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2026), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF MCCURTAIN COUNTY, THE HONORABLE EMILY MAXWELL, 
DISTRICT JUDGE

 
 
 APPEARANCES AT TRIAL
 
 ALLEN MALONE
 ATTORNEY AT LAW
 113 NORTH CENTRAL
 IDABEL, OK 74745
 ATTORNEY FOR DEFENDANT
 APPEARANCES ON APPEAL
 
 DANNY JOSEPH
 APPELLATE DIVISION EAST
 111 N. PETERS, SUITE 100
 NORMAN, OK 73069
 COUNSEL FOR APPELLANT
 
 
 
 STEPHANIE GONSALVES
 ASST. DISTRICT ATTORNEY
 MCCURTAIN COUNTY
 COURTHOUSE
 108 NORTH CENTRAL, SUITE 1
 IDABEL, OK 74745
 COUNSEL FOR STATE
 
 GENTNER F. DRUMMOND
 ATTORNEY GENERAL OF
 OKLAHOMA
 JAY T. SHANK
 ASST. ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 COUNSEL FOR APPELLEE
 
 

OPINION BY: MUSSEMAN, V.P.J.
LUMPKIN, P.J.: Specially Concur
LEWIS, J.: Concurs in Results
HUDSON, J.: Specially Concur
ROWLAND, J.: Specially Concur

FOOTNOTES

Appellant will be required to serve 85% of his sentence before becoming eligible for parole consideration. 21 O.S.2021, § 13.1

 

 

HUDSON, JUDGE, SPECIALLY CONCURS:

¶1 I fully concur in today's decision affirming Appellant's judgment and sentence for Lewd or Indecent Proposal to a Child Under 16. The express language of 21 O.S.Supp.2022, § 1123Mayberry v. State, 1979 OK CR 134603 P.2d 1150Cf. Toler v. State, No. C-2014-614, slip op. (Okl. Cr. Jul. 31, 2015) (unpublished opinion, authored by Hudson, J.) (finding sufficient factual basis for guilty plea to lewd or indecent proposals under Section 1123 where the 46-year-old petitioner demonstrated for a seven-year-old girl what he called "humping" by moving his hips back and forth while telling her it was "grosser doing it naked" and asking the child to get on her bed and hump it). To take a narrower view would render a portion of the statute's plain language superfluous and defy common sense. I therefore specially concur in today's decision.

¶2 I am authorized to state that Judge Lumpkin and Judge Rowland join in this special writing.